UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Y.A.A.,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden of the Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, ICE Enforcement and Removal Operations; TODD M. LYONS, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Respondents.

Case No.: 3:26-cv-03071-LEK-VET

**MINUTE ORDER DIRECTING RESPONDENTS TO CONDUCT AN AGE RE-DETERMINATION AND DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR AN ORDER TO SHOW CAUSE**

Petitioner Y.A.A. ("Petitioner") filed an Amended Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Amended Petition") on May 20, 2026. [Dkt. no. 4.] On June 30, 2026, the Court issued an order granting the Amended Petition in part and denying it in part ("6/30 Order"). [Dkt. no. 12.] The 6/30 Order directed the respondents, identified in the Amended Petition as Christopher J. LaRose, Senior Warden of the Otay Mesa Detention Center; Gregory J. Archambeault, San Diego Field Office Director, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations (collectively with ICE, "ICE ERO"); Todd M. Lyons, Senior Official Performing the

Duties of the Director, ICE; and Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS" and all collectively, "Respondents"), to, *inter alia*, conduct or obtain an age determination for Petitioner consistent with the terms of the 6/30 Order within fourteen days. [Id. at 19-20.]

On July 15, 2026, Respondents filed a document which informed the Court that ICE ERO had determined that Petitioner was an adult at the time of his entry into the United States. [Supplemental Document, filed 7/15/26 (dkt. no. 13), at 2.] Attached to the Supplemental Document is a DHS Memorandum of Investigation, Form G-166C, dated July 14, 2026 ("Form G-166C"). [Dkt. no. 13-1.] The Form G-166C is ICE ERO's determination that Petitioner was an adult when he entered the United States. See id. at 2.

On July 16, 2026, Petitioner filed his Opposition to Respondents' Supplemental Age Determination and Request to Enforce the June 30, 2026 Order; Request for Order to Show Cause ("7/16 Supplement"). [Dkt. no. 14.] The 7/16 Supplement alleges that, *inter alia*, Respondents failed to conduct or obtain an age determination for Petitioner consistent with the terms of the 6/30 Order. See id. at 1-3. Pursuant to a minute order filed on July 17, 2026, [dkt. no. 15,] Respondents filed a response to the 7/16 Supplement on July 31, 2026 ("7/31 Response"), which argues that the ICE ERO age determination, as recorded in the Form G-166C, complies with the Court's 6/30 Order and that the Court should deny the Petition. [Dkt. no. 16.]

## DISCUSSION

The 6/30 Order concluded, *inter alia*, that Respondents failed to comply with the Trafficking Victims Protection Reauthorization Act ("TVPRA") and its implementing regulations. See 6/30 Order at 18. Accordingly, the Court ruled that

> Respondents may not continue to rely on the existing adult-age determination or the immigration judge's May 22, 2026 custody determination as the basis for detaining Petitioner as an adult unless and until Respondents conduct or obtain an age determination that complies with [Title 8 United States Code] Section 1232(b)(4) and the applicable agency procedures. That determination must consider the

> totality of the evidence, including, but not limited to: Petitioner's explanation during his credible fear interview of the reason that he previously provided an incorrect birthdate; the asylum officer's notation that Petitioner was a possible [unaccompanied alien child ("UAC")]; any statements disclosed by Petitioner; Petitioner's Ethiopian birth certificate; and any other documentary or testimonial evidence available to Petitioner and Respondents.

[Id.]

The Court concludes that ICE ERO did not comply with the terms of the 6/30 Order in making its written age determination. Specifically, there is no indication in the Form G-166C, [dkt. no. 13-1,] that ICE ERO considered all of the "documentary or testimonial evidence available to Petitioner and Respondents." See 6/30 Order at 18. Petitioner argues, and Respondents do not dispute, that the Form G-166C does not mention "the notarized affidavit and signed statement of [Petitioner's] aunt Ardo Moalin Abdi" and "the signed family-support statement of Hassan Mohamud Abdullahi," [7/16 Supplement at 2,] and the Court's review of the Form G-166C confirms that ICE ERO did not consider those statements. The Office of Refugee Resettlement Unaccompanied Alien Children Bureau Policy Guide ("ORR Guide") expressly refers to these types of statements as evidence that may be considered in the totality of the evidence analysis in making an age determination. See ORR Guide, https://acf.gov/orr/policy-guidance/unaccompanied-children-program-policy-guide-section-1#1.6 at § 1.6.2: Determining the Age of an Individual without Lawful Immigration Status (Revised Aug. 13, 2024), *available at* https://perma.cc/3K4R-ZJFK.

Accordingly, the Court orders Respondents to reconsider Petitioner's age determination and issue an age re-determination that considers and discusses the totality of all available evidence related to Petitioner, including all documentary or testimonial evidence available to the parties, such as the signed statements provided to Respondents by Petitioner. See A.D. v. Mullin, 3:26-CV-00983-MJH, 2026 WL 1983137, at *5 (W.D. Pa. July 9, 2026) (directing that an age re-determination be completed that expressly

considers and discusses sworn declarations from the petitioner's family members). The age re-determination should identify each item of evidence that was considered. If ICE ERO finds that any piece of documentary or testimonial evidence is not credible, the age re-determination must set forth the reasons supporting that finding. Additionally, the age re-determination must comply with the terms set forth in the 6/30 Order. See 6/30 Order at 18-20.

The Court, however, declines to issue an order requiring Respondents to show cause why Petitioner should not be released to an appropriate least restrictive setting subject to reasonable conditions of supervision pending completion of a determination that does comply with the 6/30 Order. See 7/16 Supplement at 11-12. ICE ERO has presented findings about the authenticity of Petitioner's purported birth certificate and the credibility of Petitioner's previous statements. See, e.g., dkt. no. 13-1 (Form G-166C) at 1 (assessing the authenticity of Petitioner's purported birth certificate); id. at 1-2 (discussing an immigration judge's assessment about the credibility of Petitioner's assertions that he was coerced by immigration officers). The Court considers those findings to be substantiated. Accordingly, the Court elects to maintain the status quo while ICE ERO completes an age re-determination consistent with the instant Order and the 6/30 Order.

## CONCLUSION

For the foregoing reasons, the Court ORDERS Respondents to complete a written age re-determination consistent with the terms of this Order and the 6/30 Order within **fourteen days** of the filing of this Order. If Respondents determine that Petitioner was under eighteen when he was first detained and otherwise qualified as a UAC, Respondents are ORDERED to conduct the least-restrictive-setting analysis required by Title 8 United States Code Section 1232(c)(2)(B) within **seven days** of that age determination. That analysis must consider Petitioner's danger to self, danger to the community, and risk of flight, as well as alternatives to detention, including release to

Petitioner's proposed sponsor, Ardo Moalin Abdi, or another appropriate placement that is less restrictive than detention. If the least-restrictive-setting analysis is conducted, Respondents are ORDERED to provide Petitioner and his counsel with the analysis and file that analysis with the Court within **three days** of the least-restrictive-setting analysis being made.

If Respondents determine that Petitioner was an adult when he entered the United States, Respondents are ORDERED to provide Petitioner and his counsel with the written age re-determination and file that re-determination with the Court within **three days** of the re-determination being made. If an age re-determination is filed, no party will be allowed to file memoranda in response to the age re-determination unless expressly ordered to by the Court.

Petitioner's request that an order to show cause be issued is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 14, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>YA.A. VS. CHRISTOPHER J. LAROSE, ETC., ET AL</u>; 3:26-cv-03071 LEK-VET; MINUTE ORDER DIRECTING RESPONDENTS TO CONDUCT AN AGE RE-DETERMINATION AND DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR AN ORDER TO SHOW CAUSE**