UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.A.A.,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden of the Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, ICE Enforcement and Removal Operations; TODD M. LYONS, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,<br>Respondents. | Case No.: 3:26-cv-03071-LEK-VET<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Petitioner Y.A.A. ("Petitioner") filed an Amended Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Amended Petition") on May 20, 2026. [Dkt. no. 4.] On June 30, 2026, the Court issued an order granting the Amended Petition in part and denying it in part ("6/30 Order"). [Dkt. no. 12.] The 6/30 Order directed the respondents, identified in the Amended Petition as Christopher J. LaRose, Senior Warden of the Otay Mesa Detention Center; Gregory J. Archambeault, San Diego Field Office Director, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations (collectively with ICE, "ICE ERO"); Todd M. Lyons, Senior Official Performing the

Duties of the Director, ICE; and Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS" and all collectively, "Respondents"), to, *inter alia*, conduct or obtain an age determination for Petitioner consistent with the terms of the 6/30 Order within fourteen days. [Id. at 19-20.]

On July 15, 2026, Respondents filed a Supplemental Document informing the Court that ICE ERO had determined that Petitioner was an adult at the time of his entry into the United States. [Dkt. no. 13 at 2.] Attached to the Supplemental Document is a DHS Memorandum of Investigation, Form G-166C, dated July 14, 2026 ("Form G-166C"). [Dkt. no. 13-1.] The Form G-166C sets forth ICE ERO's determination that Petitioner was an adult when he entered the United States. See id. at 2. On July 16, 2026, Petitioner filed his Opposition to Respondents' Supplemental Age Determination and Request to Enforce the June 30, 2026 Order; Request for Order to Show Cause ("7/16 Supplement"). [Dkt. no. 14.] The 7/16 Supplement alleges that, *inter alia*, Respondents failed to conduct or obtain an age determination for Petitioner consistent with the terms of the 6/30 Order. See id. at 1-3.

On August 14, 2026, the Court issued a minute order ("8/14 Minute Order"), in which the Court concluded that ICE ERO failed to comply with the terms of the 6/30 Order when it conducted its written age determination. [Dkt. no. 17 at 3.] The Court ordered that Respondents conduct an age re-determination, which specifically considered, *inter alia*, "all documentary or testimonial evidence available to the parties, such as the signed statements provided to Respondents by Petitioner." See id. (citing A.D. v. Mullin, 3:26-CV-00983-MJH, 2026 WL 1983137, at *5 (W.D. Pa. July 9, 2026)).

On August 31, 2026, and pursuant to the 8/14 Minute Order, Respondents filed another Supplemental Document, [dkt. no. 18,] with an addendum to the Form G-166C, which was dated August 27, 2026 ("8/27 Addendum"). [Dkt. no. 18-1.] Having considered additional evidence as directed by the Court, as well as the evidence it already considered in the Form G-166C, ICE ERO concluded in the 8/27 Addendum that

Petitioner was eighteen years of age or older when he entered the United States. See 8/27 Addendum at 3.

**DISCUSSION**

The 6/30 Order concluded, *inter alia*, that Respondents failed to comply with the Trafficking Victims Protection Reauthorization Act ("TVPRA") and its implementing regulations. See 6/30 Order at 18. Accordingly, the Court ruled that

> Respondents may not continue to rely on the existing adult-age determination or the immigration judge's May 22, 2026 custody determination as the basis for detaining Petitioner as an adult unless and until Respondents conduct or obtain an age determination that complies with [Title 8 United States Code] Section 1232(b)(4) and the applicable agency procedures. That determination must consider the totality of the evidence, including, but not limited to: Petitioner's explanation during his credible fear interview of the reason that he previously provided an incorrect birthdate; the asylum officer's notation that Petitioner was a possible [unaccompanied alien child ("UAC")]; any statements disclosed by Petitioner; Petitioner's Ethiopian birth certificate; and any other documentary or testimonial evidence available to Petitioner and Respondents.

[Id.]

ICE ERO has considered: Petitioner's assertions to immigration officers when he entered the United States; Petitioner's assertions to U.S. Citizenship and Immigration Services ("USCIS") during Petitioner's credible fear interview; a forensic dental exam; Petitioner's purported Ethiopian birth certificate; Petitioner's oral testimony during a June 4, 2026 master calendar hearing, including Petitioner's assertions to the immigration judge that Petitioner was held in a "'freezing' cold room" for three days until he agreed to change his date of birth, and that he was sick and unable to eat for three days after being released from the cold room; Petitioner's contemporaneous medical records; and the asylum officer's indication that Petitioner was a "'[p]ossible UAC.'" See Form G-166C at 1-2; see also Amended Petition, Exh. A at PageID.188 (pg. 11 of redacted USCIS Interview Notes for 1/16/26 interview by Officer M Reheman, with the

"[p]ossible UAC" notation). ICE ERO has also considered: statements from Ardo Moalin Abdi, Petitioner's aunt, and Hassan Mohamud Abdullahi, an individual claiming to be related to Petitioner by marriage, filed in the immigration court on May 8, 2026; statements from Mawsar Dhiriq Afgab, an individual claiming to be a midwife who delivered Petitioner, and Abdi Rabi Ali, an individual claiming to be a lawyer, filed in support of the Amended Petition on June 2, 2026; and statements from Ahmed Muhumed Ibrahim and Ibrahim Mohamed Guliye, individuals claiming to be Petitioner's friends and neighbors, filed in the immigration court on July 14, 2026. See 8/27 Addendum at 1-2; see also Traverse in Support of His Petition for Writ of Habeas Corpus, filed 6/2/26 (dkt. no. 9), Exh. A (redacted statement by Mawsar Dhiriq Afgab, dated 5/26/26, and Certificate of Translation, dated 6/1/26); id., Exh. B (redacted statement by Abdi Rabi Ali, dated 5/29/26, and Certificate of Translation, dated 6/1/26). ICE ERO determined that several pieces of evidence, such as Petitioner's birth certificate and the statements from Mawsar Dhiriq Afgab and Abdi Rabi Ali, bore indicia of fraud and were therefore unreliable. See Form G-166C at 2; 8/27 Addendum at 1-2. ICE ERO also determined that the statements from individuals such as Ardo Moalin Abdi and Hassan Mohamud Abdullahi do not directly address the issue of Petitioner's claimed date of birth. See 8/27 Addendum at 1. The Court concludes that Respondents have complied with the Court's 6/30 Order and 8/14 Minute Order, and that ICE ERO has made a formal determination that Petitioner was not a minor when he entered the United States.

> Petitioner alleges that his detention violates the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2)(A), (C), and (D); [Amended Petition at pgs. 17-19;] his Fifth Amendment right to due process; [id. at pgs. 20-22;] the Trafficking Victims Protection Reauthorization Act ("TVPRA"), Title 8 United States Code Section 1232; [id. at pgs. 22-23;] and Title 45 Code of Federal Regulations Section 410.1000 *et seq.*, as well as the Office of Refugee Resettlement ("ORR") Policy Guide, [id. at pgs. 23-24]. Petitioner also claims that his detention violates the

> Flores Settlement Agreement. See id. at pgs. 19-20; see also id. at ¶¶ 8, 42-43.

[6/30 Order at 4-5 (footnote omitted).] Having concluded that Respondents have complied with the Court's 6/30 Order and 8/14 Minute Order, the Court denies the Amended Petition insofar as Petitioner seeks habeas relief through his claims arising out of the TVPRA and its implementing regulations and policies. See Amended Petition at pgs. 22-24; cf. Mohamed v. LaRose, Case No.: 26cv0955 DMS MMP, 2026 WL 1737007, at *1 (S.D. Cal. June 16, 2026) (granting the respondents' request to clarify the district court's previous order directing the respondents to transfer the petitioner to ORR custody and concluding that the district court's previous order did not prevent the respondents from returning the petitioner to ICE custody after ORR's formal determination that the petitioner was not a minor).

With respect to Petitioner's APA claim, Petitioner asserts that "Respondents' continued adult detention of Petitioner is unlawful," and requests that the Court "order immediate relief removing him from adult custody, requiring compliance with the child-protection framework governing minors and UACs, and ordering measures that serve to remedy and rectify the irreparable injuries Petitioner has suffered due to Respondents' unlawful actions since January 2026." [Amended Petition at ¶ 73.] With respect to Petitioner's due process claim, Petitioner asserts that "Respondents' continued detention of Petitioner as an adult violates the Fifth Amendment," and therefore "habeas and equitable relief are warranted." [Id. at ¶ 91.]

Petitioner's APA claim and due process claim rise and fall with Petitioner's claims arising out of the TVPRA and its implementing regulations and policies. In other words, having concluded that Respondents properly made a formal determination that Petitioner was not a minor when he entered the United States, the Court concludes that Respondents did not violate either the APA or Petitioner's due process rights in so making their determination. Accordingly, the Court denies the Amended Petition insofar

as Petitioner seeks habeas relief through his claims arising out of the APA and the due process clause of the Fifth Amendment.

While Petitioner may disagree with Respondents' determination that he was an adult when he entered the United States, the Court, having determined that Respondents have complied with their statutory and regulatory requirements, is precluded from reviewing Respondents' discretionary weighing of the totality of the evidence and their ultimate decision. See Alam v. Keeton, No. CV-19-05538-PHX-MTL (CDB), 2020 WL 5439513, at *6 (D. Ariz. Sept. 9, 2020) ("While it precludes this Court from reviewing ICE's discretionary weighing of evidence and decision, 8 U.S.C. § 1226(e) does not bar review of whether ICE complied with the requirements established by § 1232(b)(4) in order to exercise its detention authority." (citing Jennings v. Rodriguez, 138 S. Ct. 830, 841 (2018))). Nevertheless, if Petitioner was indeed a minor when he entered the United States, he may be able to bring other claims against the government. See, e.g., Barry v. United States, 21-CV-7684 (BCM), 2022 WL 4467504, at *1, *3 (S.D.N.Y. Sept. 26, 2022) (discussing claims for false imprisonment, intentional infliction of emotional distress, and negligence under the Federal Tort Claims Act based on the plaintiff's four-month detention in an adult facility). The Court makes no findings or conclusions about the merits of such claims, if Petitioner were to assert them. A petition for habeas corpus, however, is not the appropriate vehicle to assert these claims. These claims may be reasserted by filing a civil complaint.

## CONCLUSION

For the foregoing reasons, Petitioner Y.A.A.'s Amended Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed May 20, 2026, is DENIED WITHOUT PREJUDICE to the filing of a civil action. The Clerk's Office is DIRECTED to close this case on **October 22, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 22, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**Y.A.A. VS. CHRISTOPHER J. LAROSE ET AL.; CASE NO. 3:26-cv-03071-LEK-VET; ORDER DENYING WITHOUT PREJUDICE PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**